# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| RYAN CRAWFORD, | : Case No. 3:21-cv-69 |
| Plaintiff, | : District Judge Walter H. Rice |
| vs. | : Magistrate Judge Sharon L. Ovington |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

# REPORT AND RECOMMENDATIONS[1]

On March 9, 2021, Plaintiff filed a *pro se* Complaint in this Court seeking judicial review of a final decision issued by the Commissioner of the Social Security Administration. On March 23, 2021, this Court entered a Notice of Deficiency as to Plaintiff's Social Security Identification Form. Plaintiff was directed to submit a corrected Social Security Identification Form, containing Plaintiff's complete Social Security number, to the Clerk's Office by April 22, 2021. Plaintiff did not submit a corrected Social Security Identification Form. Consequently, the Court Ordered Plaintiff to Show Cause— not later than May 17, 2021—why his Complaint should not be dismissed due to his failure to prosecute and due to his failure to file a corrected Social Security Identification Form. (Doc. #4). The Court also provided Plaintiff with an alternative opportunity to file a

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

corrected Social Security Identification Form by May 17, 2021. *Id.* Plaintiff has not responded to the Court's Order to Show Cause.

Plaintiff has engaged in a clear pattern of delay by not filing a corrected Social Security Identification Form, by not responding to the Order to Show Cause, and by not taking any action in this case since filing his Complaint. The main effect of Plaintiff's failure to comply with the Court's Order to Show cause is that the record is void of an explanation by Plaintiff for his failure to file a corrected Social Security Identification Form. Absent such an explanation, and in light of the above circumstances, Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b); and

2. The case be terminated on the docket of this Court.

May 21, 2021                                   *s/Sharon L. Ovington*
                                                           Sharon L. Ovington
                                                           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in "Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to) …." Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).